1  JAMES McMANIS (40958)
   NEDA MANSOORIAN (207832)
2  MATTHEW SCHECHTER (212003)
   McMANIS FAULKNER & MORGAN
3  A Professional Corporation
   50 West San Fernando Street, 10th Floor
4  San Jose, California 95113
   Telephone:   (408) 279-8700
5  Facsimile:   (408) 279-3244

6  Attorneys for Defendant,
   ALLEN TAM

7

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

                         SAN JOSE DIVISION          *E-FILED - 7/12/06*
11

12  UNITED STATES OF AMERICA,        Case No. CR 06-0208 RMW

13          Plaintiff,                STIPULATION AND [PROPOSED]
                                      ORDER TO CONTINUE STATUS
14  v.                                CONFERENCE

15  ALLEN TAM,
                                      [SIGNATURE BY FACSIMILE]
16          Defendant.

17

18

19      The parties, by and through their counsel, hereby stipulate that the Status Conference,

20  currently scheduled for Monday, July 17, 2006, at 9:00 a.m. before The Honorable Ronald M.

21  Whyte in Courtroom Number 6, be rescheduled until Monday, September 18, 2006, at 9:00 a.m.

22  and that time under the Speedy Trial Act, 18 U.S.C. § 3161, is excluded from July 17, 2006 to

23  September 18, 2006. The reasons for this Stipulation appear below.

24      1.   On or about May 30, 2006, counsel for defendant, Allen Tam, provided a blank

25  portable hard drive to Agent Linda Trigg of the San Jose Office of the Federal Bureau of

26  Investigation ("FBI"). Agent Trigg subsequently delivered the hard drive to the FBI's Regional

27  Computer Forensics Laboratory, so that it could prepare an image copy, for defendant, at defense

28

counsel's request, of all computer media the U.S. Attorney has in the above matter, including but not limited to the computer media on the Sony Vaio notebook computer in its possession.

2. At the time the hard drive was delivered to the FBI, it was expected that it would be returned to defense counsel within two to three weeks. As of approximately June 20, 2006, however, due to a backlog at the FBI's Regional Computer Forensics Laboratory, they were unable to begin transferring the information to the blank hard drive provided by defense counsel. As of July 6, 2006, defense counsel had not received the hard drive containing the requested information and had not been given a date by which the process would be completed.

3. Even when defense counsel receives the hard drive from the FBI's Regional Computer Forensics Laboratory, it is unknown how long it will take to completely review and analyze the material on the hard drive, and to determine whether an expert will be necessary to evaluate the material.

4. Defense counsel also has been provided with over 2,000 pages of documents, and was recently informed by the Assistant United States Attorney that there may be additional documents produced. As with the hard drive, defense counsel requires further time to review and evaluate these documents to determine their relevance and materiality.

5. The charges against defendant – one count of conspiracy to commit mail fraud and wire fraud (18 U.S.C. § 371), four counts of mail fraud and aiding and abetting (18 U.S.C. §§ 1341 and 2), and five counts of wire fraud and aiding and abetting (18 U.S.C. §§ 1343 and 2) – are complex in nature. It will take time for defense counsel to fully and properly review the material and to have a complete understanding of the issues involved in the case. Continuing the status conference until September 18, 2006, will give defense counsel the opportunity to accomplish this objective.

6. In addition, the Assistant United States Attorney working on this case, Kyle Waldinger, Esq., has informed defense counsel that he will be out of the office for two weeks starting July 18, 2006, and also will be unavailable from approximately mid-August through mid-September.

7. Given the complex issues in the case, the necessity for defense counsel to prepare effectively, and the unavailability of the government's counsel, a continuance of the Status Conference is warranted.

8. Counsel for defendant conferred with AUSA Kyle Waldinger by telephone on June 28, 2006. Mr. Waldinger stated that he did not object to the continuance.

IT IS SO STIPULATED.

DATED: July 7, 2006

McMANIS, FAULKNER & MORGAN

_____
JAMES McMANIS
NEDA MANSOORIAN
MATTHEW SCHECHTER

Attorneys for Defendant,
ALLEN TAM

DATED: _____

UNITED STATES ATTORNEY –
NORTHERN DISTRICT OF CALIFORNIA

_____
KYLE WALDINGER

Attorneys for Plaintiff,
UNITED STATES OF AMERICA

3
STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE;
CASE NO. CR 06-0208 RMW

7. Given the complex issues in the case, the necessity for defense counsel to prepare effectively, and the unavailability of the government's counsel, a continuance of the Status Conference is warranted.

8. Counsel for defendant conferred with AUSA Kyle Waldinger by telephone on June 28, 2006. Mr. Waldinger stated that he did not object to the continuance.

IT IS SO STIPULATED.

DATED: _____                          McMANIS, FAULKNER & MORGAN


                                                 _____
                                                 JAMES McMANIS
                                                 NEDA MANSOORIAN
                                                 MATTHEW SCHECHTER

                                                 Attorneys for Defendant,
                                                 ALLEN TAM


DATED: 7/6/2006

                                                 UNITED STATES ATTORNEY –
                                                 NORTHERN DISTRICT OF CALIFORNIA

                                                 /s/ Kyle F. Waldinger
                                                 _____
                                                 KYLE WALDINGER

                                                 Attorneys for Plaintiff,
                                                 UNITED STATES OF AMERICA

---

STIPULATION AND [PROPOSED] ORDER TO CONTINUE STATUS CONFERENCE;
CASE NO. CR 06-0208 RMW                                         3

**ORDER**

The Court finds that, taking into account the public interest in the prompt disposition of criminal cases, granting the continuance until September 18, 2006 is necessary for the effective preparation of counsel and continuity of government counsel. *See* 18 U.S.C. § 3161(h)(8)(B)(iv). Given these circumstances, the Court finds that the ends of justice served by excluding the period from July 17, 2006 to September 18, 2006 outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(8)(A).

Therefore, IT IS SO ORDERED THAT the Status Conference in this matter, currently set for July 17, 2006, at 9:00 a.m., be continued to September 18, 2006, at 9:00 a.m.

IT IS FURTHER ORDERED THAT the period from July 17, 2006 to September 18, 2006, be excluded from Speedy Trial Act calculations under 18 U.S.C. §§ 3161(h)(8)(A) & (B)(iv).

DATED: 7/12/06

/S/ RONALD M. WHYTE
HON. RONALD M. WHYTE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA